IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| JESSICA MAZANEC, | § | CASE NO. 6:19-CV-00109 |
| | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| L3 TECHNOLOGIES, INC. | § | |
| | § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jessica Mazanec, hereafter also referred to as "Plaintiff" in the above entitled and numbered clause, complaining of and against L3 Technologies, Inc., hereafter referred to as "Defendant," and for cause of action would show unto the Court the following:

### I.        PARTIES

2.        Plaintiff, Jessica Mazanec, is an individual residing in Waco, McLennan County, Texas.

3.        Defendant, L3 Technologies, is a company with offices at 7500 Maehr Road, Waco, Texas 76715, McLennan County, Texas. Service of Process may be obtained on Defendant at CT Corporation System, 1999 Bryan St., Suite 900, Dallas. Texas 75201-3136.

### II.        JURISDICTION AND VENUE

4.        This Court has jurisdiction over this matter suit pursuant to 28 U.S.C. §1331 as amended, 42 U.S.C. Subchapter VI Equal Employment Opportunities, including  42 U.S,C. §2000(e)

as amended, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq. as amended, and Title 2, Subtitle A, Chapter 21 of the Texas Labor Code, as amended.  Accordingly, this Court has jurisdiction over this matter and McLennan County is the proper venue as this cause of action, or a part thereof, occurred in McLennan County, Texas.

5.     Further on November 15, 2018, the U.S. Equal Employment Opportunity Commission, Dallas District Office, issued a Notice of Right to Sue to Plaintiff.  Said Notice of Right to Sue was received on or about November 19, 2018.

### III.     STATEMENT OF CLAIM

6.     Plaintiff brings this suit to recover damages incurred due to Defendant's violations of Federal and State statutes prohibiting discrimination based on sex, including pregnancy discrimination, retaliation and violations of the FMLA.

7.     The Defendant's violations of said statutes resulted in adverse employment actions, including termination of the Plaintiff's employment with Defendant L3 Technologies, Inc.

8.     Plaintiff, Jessica Mazanec, worked for Defendant at its Waco facility for over 6 years. Her last title was Human Resources Generalist.

9.     Christia Montero was the other Human Resources Generalist at Defendant.

10.     During 2017, Plaintiff took maternity leave due to the extremely premature birth of her twin daughters.  In accordance with her intermittent FMLA terms, Plaintiff worked a reduced number of hours per week.

11.     In or about September 2017, Roger Lasater, an individual employed by the Human Resources Department of Defendant, was reassigned from L3 Technologies, Inc. offices in Crestview, Florida to Defendant's Human Resources Department at 7500 Maehr Road facility (the "Facility").

12.     On  information and belief the reassignment to Waco, Texas was to end in January or February 2018.

13.     From the time Mr. Lasater arrived at the Facility, Mr. Lasater began targeting Plaintiff.  He gave Plaintiff assignments with timeframes that could not be performed given the resources available to the Human Resources Department at the Facility.   Mr. Lasater would then loudly criticize Plaintiff and berate her for not meeting his timeframes.  Mr. Lasater made the working conditions for Plaintiff increasingly hostile.

14.     Mr. Lasater did not treat Ms. Montero, the other Human Resources Generalist at the Facility, similarly.

15.     Notwithstanding Mr. Lasater being assigned to the Human Resources Department at the Facility from about September to December of 2017, Mr. Lasater required that the Plaintiff 's performance review for all of 2017 be adjusted downward.

16.     On or about the period between December 2017 and January 2018, Mr. Lasater caused Plaintiff's performance review for the 2017 year to be changed from a rating of "Substantially Exceeds" expectations, to the lower performance review rating of "Fully Meets" expectations.  This change in performance evaluation adversely affected Plaintiff's compensation, including the calculation of her 2017 bonus.

17.     Prior to Mr. Lasater being reassigned to the Human Resources Department at Defendant's Facility, Plaintiff reported to Ms. Leahna Risi.  Ms. Risi oversaw Plaintiff's performance for 2017.

18.     Upon Mr. Lasater being assigned to the Human Resources Department at Defendant's Facility, he became Ms. Risi's manager.

19.     Mr. Lasater instructed Ms. Risi to reduce Plaintiff's 2017 performance evaluation of from a rating of "Substantially Exceeds" expectations to a lower rating of "Fully Meets" expectations.

20.     Mr. Lasater instructed Ms. Risi to reduce the 2017 performance evaluation rating based upon the Plaintiff having used the Defendant's maternity leave policy, and Plaintiff's use of the Defendant's intermittent FMLA leave policy during part of 2017.

21.     On information and belief, Mr. Lasater claimed that it was impossible to be rated more than "Fully Meets" if an employee was on maternity leave, and on intermittent FMLA reduced work hours.

22.     On information and belief, no other performance evaluation in the Human Resources department at the Facility was downgraded, except Plaintiff's 2017 performance evaluation.

23.      In or about January or February 2018, after Plaintiff learned that Mr. Lasater had instructed Ms. Risi to downgrade Plaintiff's 2017 performance evaluation, Plaintiff contacted Ms. Brenda Little, one of the Defendant's attorneys, and described Plaintiff's concern about the downgrading of Plaintiff's performance evaluation.

24.     Ms. Little advised Plaintiff not to report Plaintiff's concerns to Defendant's Ethics Hotline.

25.     Plaintiff followed Ms. Little's advice.

26.     Ms. Risi left the employment of Defendant in April of 2018.  After Ms. Risi left, Mr. Lasater became Plaintiff 's direct manager.

27.     Mr. Lasater became increasingly aggressive and hostile toward Plaintiff.

28.     On or about May 21, 2018, Plaintiff Mazanec complained to Nancy Davis, Director of Human Resources at Defendant's Greenville, Texas facility.  Plaintiff told Ms. Davis about the hostile work environment she was experiencing working for Mr. Lasater.

29.     Plaintiff told Ms. Davis that she was afraid Mr. Lasater would retaliate against her.

30.     On or about May 23, 2018, a co-worker advised Plaintiff that something "bad" was about to happen to Plaintiff.

31.     On May 25, 2018, four days after Plaintiff voiced her concerns to Ms. Davis, Mr. Lasater told Plaintiff that her position was being eliminated as of June 8, 2018.  Plaintiff's employment was terminated, and Plaintiff was handed a severance package to consider.

32.     Mr. Lasater made this statement to Plaintiff in a common area at Defendant L3 Technologies, Inc. Waco facility that was open to the public and other Waco employees.  Mr. Lasater escorted Plaintiff out of Defendant's building.

33.     Plaintiff was on intermittent FMLA when Defendant terminated her employment.

34.     Later on, May 25, the Defendant's Ethics Hotline representative contacted Plaintiff. Plaintiff told the Ethics Hotline representative about my experiences over during 2018,  including the hostile work environment Plaintiff experienced working for Mr. Lasater.

35.     On or about June 7, 2018 Plaintiff filed an Equal Employment Opportunity Commission (EEOC) complaint with the Dallas District Office.  Plaintiff's EEOC Charge Number is 450-2018-04984.

36.     On or about June 13, 2018, Plaintiff filed for unemployment benefits with the Texas Workforce Commission.  Ms. Mazanec was awarded said unemployment benefits.

37.     On or about November 15, 2018 the EEOC Dallas District Office issued a Notice of Right to Sue to Plaintiff.  A copy of the Notice of Right to Sue was also sent to the Human Resources Manager, L3 Technologies, Inc. at 7500 Maehr Road, Bellmead (sic), TX  76705.

## IV.     RELIEF

38.     Plaintiff would show that, as a direct and proximate result of the above-mentioned Defendant's willful and intentional violations of applicable law, Plaintiff has suffered severe injuries and damages.

Plaintiff has experienced damages including, but not limited to, the following:

a.      Back pay;

b.      Front pay;

c.      Lost benefits;

d.      Emotional distress;

e.      Punitive damages, and

f.      Attorneys' fees.

## V.     JURY DEMAND

39.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Complaint.

## IX.     PRAYER

40.     WHEREFORE, Plaintiff respectfully requests that the Defendant be duly cited to appear and answer herein and that, upon final trial of this cause, Plaintiff recover judgment against

the Defendant for Plaintiff's damages as set forth above; and for such other further relief; both general

and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, PLLC**

_/s/ Frederick deB. Bostwick, III_
Frederick deB. Bostwick,III
State Bar No. 0282500
Richard E. Brophy
State Bar No. 03082700
Gail Lenore Peek
State Bar No. 24028749

220 South Fourth Street
Waco, Texas 76701
(254) 776-5500
(254) 776-3591 (facsimile)
www.thetexasfirm.com

ATTORNEYS FOR PLAINTIFF,
JESSICA MAZANEC